**RICE, Plaintiff-Appellant, v. REED, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2108.   Decided November 21, 1951.

John H. Ober, Cleveland, for plaintiff-appellant.

## OPINION

By WISEMAN, J:

This is an appeal on questions of law from a judgment of the Common Pleas Court of Montgomery County.

The action was one for damages based on an alleged assault and battery.  At the close of all the evidence the court directed a verdict for defendant.  The action of the court in directing the verdict is the only error assigned.

Was the evidence sufficient to warrant the trial court in submitting the matter to the jury?  We do not think so.  Assault and battery is defined in **Vol. 3, O. Jur., Page 209** as follows:

"An assault and battery is the unlawful striking, beating, or wounding of another.  It is complete when an assault is accomplished."

On page 208 of the same work an assault is defined as follows:

"An assault is an act done towards the commission of a battery, immediately preceding the battery, when the next movement would, at least to all appearance complete the battery.  It has been defined as menacing or threatening another without touching his person."

There is no evidence in this case that the defendant ap-

proached plaintiff in a menacing or threatening manner or touched her person in any menacing or threatening manner or with a design to commit violence. The evidence shows that the defendant did lay her hands upon the shoulders of the plaintiff and requested her to quit talking about her. The evidence shows that there was no damage which would form the basis for the allowance of compensatory damages and no malice shown which would form the basis for the allowance of punitive damages.

In our opinion a verdict of the jury in favor of the plaintiff on the evidence submitted would have been set aside on the ground that the evidence was insufficient to support the verdict. In our opinion justice has been done between the parties.

Finding no error in the record prejudicial to the plaintiff, the judgment is affirmed.

HORNBECK, PJ, MILLER, J, concur.